UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANLEY E. SCOTT,            )
                             )
        Plaintiff,           )
   vs.                       )          16-1261
                             )
McLEAN COUNTY, *et al.*,     )
                             )
        Defendants.          )

MERIT REVIEW ORDER

      This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

      The plaintiff, proceeding pro se, and currently incarcerated in the Illinois River Correctional Center, was granted leave to proceed *in forma pauperis*. The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that his platinum ring and diamond earring went missing from his property, while he was housed at the McLean County Jail. The plaintiff alleges that he declined an offer of compensation for the property from the warden and his state court suit was later dismissed. The plaintiff seeks to recover for the loss of his property.

      The plaintiff's complaint fails to state a constitutional claim. Random, unauthorized deprivations of personal property do not state a constitutional claim where adequate post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993) (an adequate, post-deprivation remedy exists in the Illinois Court of Claims). The plaintiff appears to have

properly pursued his claims in state court; he cannot now pursue this claim in federal court just because he was unsuccessful in that endeavor.

**IT IS THEREFORE ORDERED that:**

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 21st day of September, 2016.

**/s/ Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE